IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN RILEY,                    )
                               )    96 JUL 30   A 9: 19
               Plaintiff       )
                               )    Case No. 95-3418-JWL
                               )
v.                             )    RALPH L.
                               )    BY
                               )
UNITED STATES OF AMERICA,      )
                               )
               Defendant.      )    ENTERED ON THE DOCKET
                               )    DATE: 7-31-96

## MEMORANDUM AND ORDER

### I.   Introduction

This case comes before the court on the defendant's motion
to dismiss the plaintiff's claim pursuant to Fed.R.Civ.Pro.
12(b)(6) or, in the alternative, for summary judgment pursuant to
Fed.R.Civ.Pro. 56.  Under the Federal Tort Claims Act (FTCA) the
plaintiff claims loss of personal property due to the defendant's
negligence in the course of his transfer from United States
Penitentiary (USP), Leavenworth, Kansas to USP, Florence,
Colorado.  For the reasons discussed below, the court grants the
defendant's motion for summary judgment because the plaintiff
waived his right of action regarding property loss by certifying
the accuracy of the inventory.

### II.  Facts

The following facts are uncontroverted.  On September 21,
1994, the plaintiff's property was inventoried for his transfer
to USP, Florence.  The plaintiff reviewed and signed the three

property forms without indicating any discrepancies in the
inventory of his property, thus verifying the form's accuracy.
On October 17, 1994, the plaintiff's property was inventoried by
the staff at USP, Florence, and recorded onto three property
forms.   Again the plaintiff reviewed and signed the property
form's without indicating any discrepancies in the inventory of
his property, thus verifying the form's accuracy.

### III.   Discussion

#### A.   Standard for Summary Judgment

Because the defendant has included declarations to support
specified facts, the court will treat this motion as a motion for
summary judgment.   Fed.R.Civ.Pro. 12(b); *Hall v. Bellmon*, 935
F.2d 1106, 1110-11 (10th Cir. 1991).   When considering a motion
for summary judgment, the court must examine all the evidence in
the light most favorable to the non-moving party.   *Jones v.
Unisys Corp.*, 54 F.3d 624, 628 (10th Cir. 1995).   A moving party
who bears the burden of proof at trial is entitled to summary
judgment only when the evidence indicates that no genuine issue
of material fact exists.   Fed.R.Civ.Pro. 56(c); *Anglemeyer v.
Hamilton,* 58 F.3d 533 (10th Cir. 1995).   If the moving party does
not bear the burden of proof at trial, it must show "that there
is an absence of evidence to support the non-moving party's
case."   *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Once the movant meets these requirements, the burden shifts
to the party resisting the motion to "set forth specific facts

2

showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The non-movant may not merely rest on the pleadings to meet this burden. *Id*. Genuine factual issues must exist that "can be resolved in favor of either party." *Id*. at 250. More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ.Pro. 1." *Celotex,* 477 U.S. at 327.

## *B. Analysis*

The uncontroverted facts demonstrate that the plaintiff failed to indicate any lost property when he reviewed and signed the property forms.[1] By signing a form stating that all his personal property had been returned to him, without complaining of any discrepancy, loss or damage to that property, the plaintiff waived any claim regarding property damage or destruction. *Baker v. Smith*, 961 F.2d 219, (10th Cir. 1992). Therefore, an absence of evidence exists to support the plaintiff's case and the defendant is entitled to summary judgment. *Celotex*, 477 U.S. 317, 325 (1986).

---

[1] In his response, the plaintiff argues that the defendant has misconstrued the nature of the property forms. The plaintiff argues that the property forms include property left in the plaintiff's cell, and that the property forms do not include the plaintiff's property delivered to him at USP, Florence. However, the plaintiff's argument misses the mark. The plaintiff waived his claim by reviewing and signing the property forms without indicating any lost property and he cannot now contend to the contrary.

3

AO 72A

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion for summary judgment (Doc. #12) is granted.

**IT IS SO ORDERED.**

Dated this 30th day of July, 1996 at Kansas City, Kansas.

                                    /s/   **JOHN W. LUNGSTRUM**
                                    _____
                                    John W. Lungstrum
                                    U.S. District Judge

4